UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10262 PA (JCx) | Date | January 24, 2025 |
|---|---|---|---|
| Title | Avis Copelin, et al. v. The Old Point National Bank of Phoebus | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **IN CHAMBERS - COURT ORDER**

On January 7, 2025, the Court issued an Order to Show Cause ("OSC") regarding dismissal for lack of prosecution based on the defendant's failure to file an answer to the complaint within 21 days of service. (Docket No. 10.) The Court ordered plaintiff Avis Copelin ("Plaintiff") to file a response no later than January 17, 2025. The Court's OSC warned that failure to respond may result in the imposition of sanctions, including but not limited to dismissal of the complaint. Despite this warning, Plaintiff has failed to respond to the OSC.

The Court may dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10262 PA (JCx) | Date | January 24, 2025 |
|---|---|---|---|
| Title | Avis Copelin, et al. v. The Old Point National Bank of Phoebus | | |

291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").

  The third Henderson factor also favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642 , unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) ; Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Moreover, "[w]here a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal." Rollins v. Superior Ct. of Los Angeles, 706 F. Supp. 2d 1008, 1014 (C.D. Cal. 2010) (citing Yourish, 191 F.3d at 991–92). Here, Plaintiff has not offered any excuse for failing to file a timely response to the Court's OSC.

  In considering the fourth and fifth Henderson factors, the Court notes that it expressly warned Plaintiff that failure to respond to the OSC may result in dismissal of the action. Nevertheless, Plaintiff failed to respond and has taken no further action in this case. While the public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal, see Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011), it is the plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics, see Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, the plaintiff has failed to discharge this responsibility and appears to have abandoned this action. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

  Accordingly, as a result of Plaintiff's failure to respond to the Court's OSC and failure to prosecute this case, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

  IT IS SO ORDERED.